**PERKINS v. UNITED TRANSP. CO. et al.**

Civ. No. 4330.

United States District Court, D. Connecticut.

April 8, 1953.

Arno R. Vogt, Washton & Vogt, New London, Conn., for plaintiff.

Philip R. Shiff, New Haven, Conn., for defendants.

SMITH,· District Judge.

In this motor vehicle negligence case defendants have pleaded contributory negli-

gence on the part of plaintiff's decedent. Plaintiff moves for leave to file a reply setting forth the elements of the last clear chance doctrine.

The proposed reply, while reciting all the elements of the doctrine, does not set forth any factual situation from which the Court could determine whether the doctrine is applicable. Plaintiff contends that a similar motion was granted in Card v. McLean Trucking Company.[1] I do not have the Card file before me at this time. As I recall the facts of the case, however, there was evidence produced on trial that the defendant's driver saw the plaintiff's car stalled in the roadway, under circumstances which required a charge on the applicability of the last clear chance doctrine.

The case at bar appears to be an ordinary intersection collision situation, with both vehicles in motion up to the time of impact. It is at least doubtful, therefore, whether any basis will appear for the application of the doctrine. Under the circumstances, the preferable course appears to be to deny the plaintiff permission to file the proposed reply without prejudice to her right to amend her pleadings on trial to conform to the proof, if evidence is produced at trial on which the Court could base a charge on the doctrine of last clear chance, and without prejudice to her right to request such a charge.

The motion for leave to file a reply is denied.

1. No opinion for publication.